UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTEL NELSON,<br><br>    Defendant. | Case No. 2:20-cr-00345-KJD-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Reopen Detention Hearing (ECF No. 22). The Court has considered Defendant's Motion, the Government's Response, and Defendant's Reply (ECF Nos. 25 and 26 respectively). The Court finds Defendant's Motion is properly decided without oral argument.

**I.     Facts**

Defendant made his initial appearance before the Court on February 16, 2021, and his pretrial detention was heard on February 18, 2021. These appearances followed Defendant's arrest on a warrant issued on December 15, 2020, after Defendant was charged in an indictment with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm. The indictment states that Defendant was convicted of Attempted Murder in June 2005, and on July 5, 2020, "knowingly possessed a firearm, that is a CMMG Incorporated MOD4SA AR style pistol with an altered and obliterated serial number and large capacity magazine …." ECF No. 1.

At the detention hearing, the Assistant U.S. Attorney argued that the case arose from events at Circus Circus Las Vegas where Defendant drove into the valet area, got out of his car barefoot, entered the casino without leaving his keys with valet, and then behaved erratically. ECF No. 21 (Transcript of Detention Hearing) at 4. After Defendant refused to leave the casino, he is alleged to have lunged at security. *Id*. As this was occurring, security also went out to Defendant's car and saw an "assault style weapon" next to the driver's seat. *Id*. Circus Circus security called Las Vegas Metropolitan Police Department ("LVMPD"), who took possession of the weapon, found it lacked

a serial number, had a high capacity magazine, and discovered the ballistics on the weapon were linked to a shooting that occurred in North Las Vegas before Defendant arrived at Circus Circus. *Id.*

The investigation into the shooting in North Las Vegas alleges that Defendant fired the weapon found in his car multiple times while in an apartment leased to his wife. Defendant's wife apparently lived in the apartment with two children from her marriage to Defendant and three children from other relationships. The AUSA reported that when law enforcement contacted Defendant's wife, she told them that Defendant had come to Las Vegas to visit her and his children, and that she left the apartment on July 4, 2020 because of Defendant's behavior. *Id*. at 5. Additional information provided by Pretrial Services showed that Defendant's wife obtained a protective order against Defendant on July 6, 2020, which was extended on August 2, 2020, and set to expire on July 6, 2021. The order required Defendant to have no contact with his wife and, among other requirements, to stay 100 yards away from his wife's residence.

At the detention hearing, Defense counsel argued that Defendant was living in Las Vegas with his wife and five children (two of which are his and three of which he cares for), and could return to his mother's or sisters' homes in California if released. ECF No. 21 at 8. At the time of the detention hearing, Pretrial Services determined one of Defendant's sisters was an appropriate third party custodian. *Id*. Defense counsel also argued that Defendant was employable, his conviction was old, and that Defendant had no other convictions since release from the sentence he served for attempted murder. *Id*. Defense counsel stated that Defendant's wife was attempting to get the protective order "taken care of," Defendant is an insulin dependent diabetic, and that this might explain some of his erratic behavior. *Id*. at 8-9. Defense counsel pointed out that there are no "failures to appear" on Defendant's record and, for these reasons, the government had not met its burden under 18 U.S.C. § 3142. *Id*. at 9.

Following these arguments, the Court ordered Defendant detained. Citing to 18 U.S.C. § 3142, the Court listed the factors to be considered under the law, that it must find either by a preponderance of the evidence that there were no conditions or combination of conditions that would reasonably assure Defendant's appearance in the future, or by clear and convincing evidence that there were no conditions or combination of conditions that would reasonably assure the safety of the

community or persons in the community. ECF No. 21 at 10. The Court expressed concern about the events underlying Defendant's arrest including that there appeared to be substantial evidence that Defendant "was at his wife's home where there were small children present" when he shot a gun multiple times, resulting in his wife leaving the home and obtaining "several restraining orders." *Id*. The wife's then-current interest in lifting the restraining orders was not a persuasive fact for the Court because victims of domestic violence often return to an alleged aggressor. This created safety concerns for Defendant's wife and her children if Defendant was released. *Id*.

The Court also noted that Defendant lunged at a Circus Circus security officer, had a gun in his car, the gunfire investigated by North Las Vegas came from his wife's rented apartment, there was information presented that the gun found in Defendant's car was the same gun used at his wife's apartment where 12 casings were found on the floor, and that these events caused his wife to leave the apartment and obtain a protective order. *Id*. at 11. The Court found this to be substantial evidence supporting a finding that Defendant was a danger to the community. *Id*. The Court also noted that Defendant was arrested in 2014 and 2016 for parole violations supporting the conclusion that Defendant was a danger to the community. *Id*. Defendant was remanded to the custody of the U.S. Marshal Service pending trial. *Id*.

**II.    Discussion**

The Bail Reform Act of 1984 (the "Act") requires every person charged with a federal offense to be given a detention hearing. 18 U.S.C. § 3142(a). The Act mandates the release of a defendant so long as the Court is reasonably assured the defendant does not pose a flight risk or danger to the community. 18 U.S.C. § 3142. To the extent that conditions or a combination of conditions can be fashioned to reasonably provide for such assurances, the defendant must be released as detention is "the carefully crafted limited exception." *Id*.; *see also United States v. Salerno,* 481 U.S. 739, 755 (1987).

A.    <u>The standard for reopening of a detention hearing</u>.

Section 3142(f)(2) allows for the reopening of detention "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will

reasonably assure the appearance of such person as required and the safety of any other person and the community." This provision is strictly interpreted. If the defendant presents evidence that was available at the original hearing, no rehearing is granted. *United States v. Turino*, 2014 WL 5261292, at *1 (D. Nev. Oct. 15, 2014) (citation omitted). Parties must be diligent in bringing "all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially." *United States v. Flores*, 856 F.Supp. 1400, 1406 (E.D.Cal.1994) (citation omitted). In sum, "the defendant must establish two essential elements before the issue of detention may be reopened: 1) that information now exists that was not known to a defendant at the time of the initial hearing, and 2) the new information is material to release conditions regarding flight or dangerousness." *United States v. Bowen*, Case No. CR-07-544-2-PHX-ROS (ECV), 2007 WL 2220501, at * 1 (D. Ariz. July 31, 2007) (citation omitted).

    B. <u>Defendant's argument</u>.

Understanding the Court's concern that Defendant's wife and children were in the apartment when Defendant allegedly discharged his firearm multiple times, Defendant argues that: (1) Defendant denies he was the one who discharged the firearm; (2) Defendant's wife and children left the apartment in which they lived on the morning of July 4, 2020, before any shots were allegedly fired; (3) Defendant's wife obtained only one protective order, not multiple protective orders as the Court believed; (4) the protective order put in place in July 2020 is now dissolved and there are no others; and, (5) the Court erroneously assumed that Defendant's wife was the victim of domestic violence, which his wife and his sister "confirmed" is untrue. ECF No. 24 at 3 and 4. Defendant further argues that the 2014, 2015, and 2016 parole violations noted by the Court were not as significant as they might appear because the California parole officer agreed that Defendant could "travel to Las Vegas, Nevada, to see his wife, but if she requested he report-in, he would have to return to California within 24 hours and check-in." *Id*. at 4. Defendant states that his "first violation in 2012 and then in 2014 was because he traveled to Las Vegas for the birth of his first child. His other violations were also for being in Nevada while on parole in California." *Id*. Defendant points

out that each arrest occurred because he was unable to return to California within 24 hours as required, but that no crimes were committed resulting in arrests. *Id*. at 4-5.

### C. The police report attached to Defendant's Motion.

The police report Defendant attaches to his Motion confirms Defendant's wife and children were not in the apartment at the time the gun was discharged. The report also confirms that a bullet found in a neighbor's apartment, came through the wall from another apartment, and the trajectory of that bullet demonstrated it came from Defendant's wife's apartment. ECF No. 24-1 at 2. The report further states that when Defendant's wife was contacted, she confirmed her husband came to visit for the July 4th weekend and, that on July 4th itself, Defendant "was seen with a firearm, was drunk and 'acting weird'" so she left with the kids. *Id*.

With respect to the events at Circus Circus, the police report states that LVMPD was summoned to the casino on July 5, 2020, because Defendant arrived in valet, parked his car, "ran towards the front entry door," was stopped by security, told to move his car and put on shoes or he could not enter the hotel, Defendant continued into the Casino, ended up at the Cage where he allegedly demanded money and, when confronted by security, Defendant asked the officer if he wanted to fight and then lunged at the officer. *Id*. Defendant's physical condition was such that Circus Circus called for medical attention as well as for the police. *Id*.

### D. The Court's analysis.

Defendant presents some new information—information neither known nor that could have been known at the time of the original detention hearing. However, beginning with what is not new, the Court finds that Defendant's denial that he was the one who shot the gun was either known or knowable when he appeared to argue detention. That his wife left her apartment on July 4, 2020 with the children, was also known to or knowable by Defendant when he appeared on February 18, 2021. Likewise, that Defendant's wife and sister report no domestic violence is not something the Court takes into consideration because Defendant could easily have gathered and provided this information to the Court at his original detention hearing given that it was continued from February 16 to February 18, 2021.

In contrast, the Court accepts that the content of the police report, describing Defendant's behavior causing his wife to leave the apartment on July 4, 2020, is not something the Defendant knew or may have been able to know at the time of his February 18, 2021 detention hearing and, thus, is new information considered by the Court for materiality. Further, that there was only one, not more than one, protective order issued against Defendant by his wife, is considered for materiality.

It appears uncontested that Defendant's wife left her apartment with her five children on July 4, 2020 because Defendant was seen with a gun, was drunk, and acting weird. She was sufficiently concerned about his behavior to obtain a protective order on July 6, 2020. Defendant's wife was also sufficiently concerned about Defendant's behavior to seek an extension of that order, which was granted on August 2, 2020, and not set to expire until July 6, 2021. Hence, Defendant's wife not only obtained an original protective order, but asked a court to extend that order on or before August 2, 2020, which the Court did. The Domestic Violence Hearing Master dissolved the order on June 16, 2021, but there is no evidence that Defendant's wife made any effort to dissolve the Order before Defendant was arrested in February 2021. Further, while the Court understands why Defendant may not address the events at Circus Circus in greater detail, these facts remain before the Court as confirmed by the police report Defendant provided.

While the alleged existence of multiple protective orders was a concern for the Court, and it is now true that there was only one protective order that was renewed and extended for a year, this new information does not effect a material change to the Court's finding of dangerousness. Further, while the Court is pleased to know that Defendant's wife was sufficiently concerned about Defendant's behavior on July 4, 2020 to leave her apartment before Defendant began allegedly shooting off his gun in her apartment, this information also does not change the Court's assessment of dangerousness.

The facts remain that Defendant has a conviction for attempted murder and was arrested while on probation from California for failing to comply with the conditions of his probation. Facts also confirm that Defendant's wife left her home with her children on July 4, 2020, and was sufficiently scared of Defendant to obtain and extend a protective order. The new information does

not alter that Defendant allegedly discharged a gun in his wife's apartment 12 times, and was later found with that gun and a large capacity magazine in his car. Defendant was arrested for possessing a gun, which lacked a serial number, after acting erratically at Circus Circus.

Given the information found in the police report provided by Defendant, the uncontested facts in that report, and that the new information presented does not have a material bearing on the issue of whether there are conditions of release that will reasonably provide for the safety of the community or persons in the community, the Court finds no basis to reopen the detention hearing under 18 U.S.C. § 3142(f).

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Reopen Detention Hearing (ECF No. 24) is DENIED.

Dated this 3rd day of August, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE