UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTEL DEAVON NELSON,<br><br>Defendant. | Case No. 2:20-cr-00345-KJD-EJY<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR DE NOVO REVIEW AND APPEAL OF DENIAL TO REOPEN DETENTION** |

Before the Court is Defendant's Motion for De Novo Review and Appeal of the Denial to Reopen Detention (ECF #29). The government responded in opposition (ECF #33) and Defendant replied (ECF #34).

I.  Factual and Procedural Background

Defendant Martel Deavon Nelson ("Nelson") was charged in an indictment with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm. (ECF #28, at 1). Nelson made his initial appearance on February 16, 2021 and his pretrial detention hearing was held on February 18, 2021. Id. His case arises from an incident that occurred at Circus Circus. Nelson allegedly drove to the valet at the casino, exited his car barefoot, entered the casino without leaving his keys at the valet, and behaved erratically. Id. Nelson was told by security that he could not enter the casino without shoes and that he had to move his car. Id. at 5. Nelson entered the casino, made it to the cage, and demanded money. Id. When security attempted to remove him from the casino, Nelson lunged at the security guards. Id. at 1. As this transpired, security guards inspected Nelson's car and saw an "assault style weapon" next to the driver's seat. Id. The gun's serial number had been removed and there was a high capacity magazine in the car. Id. at 1–2. A ballistics report showed that Nelson's gun was involved in a North Las Vegas shooting the day before. Id. at 2.

The shooting took place at Nelson's wife's apartment. Nelson had come to her apartment to celebrate the July 4th holiday. Id. at 2. Nelson's wife saw that Nelson was drunk, carrying the gun, and "acting weird," so she left the apartment with the children. Id. at 5. They were not present at the apartment at the time of the shooting. Id. Nelson's gun was fired 12 times in the apartment that day. (ECF #28, at 7).

Magistrate Judge Youchah ordered Nelson detained at the detention hearing. (ECF #33, at 2). The court found that "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." Id. The order reasoned that Nelson's prior parole violations and his alleged firing of Nelson's gun inside the apartment warranted the detention. Id. Nelson then filed his motion to reopen detention. Id.

II.   Legal Standard

If a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 38 U.S.C. § 3142(e). A detention hearing
> may be reopened only 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing,' and that the information 'has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community.'

United States v. Woods, No. 2:16-cr-00046-GMN-PAL, 2017 WL 2261062, at *5 (D. Nev. May 22, 2017) (quoting 18 U.S.C. § 3142(f)). "Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." United States v. Ward, 63 F.Supp.2d 1203, 1206 (C.D. Cal. 1999). If a person is ordered detained by a magistrate judge he may file with the district court "a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court "is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate" and the ultimate decision "is to be decided without deference to the magistrate's ultimate conclusion." United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990).

III.     Analysis

Nelson argues that Judge Youchah erred when she found that he provided new, material information but failed to reopen the detention hearing. He argues that as soon as new, material information was provided, the hearing should have been reopened. The new information Nelson provided was that his wife and children were not present at the apartment at the time of the shooting, that there was no history of domestic violence between Nelson and his wife, and that Nelson's wife obtained one protective order against him, not multiple protective orders like the court previously believed. The government argues that this information is not new because it was known at the time of the original detention hearing but not provided. The only new piece of information provided, according to the government, was that the protective order was dissolved on June 16, 2021.

The magistrate judge did not err in her decision not to reopen the detention hearing. A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of detention. 18 U.S.C. § 3142(f)(2). The Court agrees that much of this information is not new because it was known to Nelson at the time of the original detention hearing. However, the new information provided was not material. While Judge Youchah mentioned the domestic violence in her order, it was not the focus of her decision. The single protective order is sufficient, even without evidence of domestic violence, to support the decision. Additionally, the new information that Nelson's wife and children were not in the apartment at the time Nelson's gun was fired is immaterial. It was clear at the time of the detention hearing that Nelson's wife removed her children from Nelson's presence on the day the shots were fired because he was in possession of the gun, drunk, and acting strange. The detention hearing did not need to be reopened simply because Nelson's wife and children made it out of their apartment before the shots were fired. Nelson's actions prior to their exit put them in danger. As such, Judge Youchah did not err in her decision not to reopen the detention hearing.

Having conducted a de novo review, the Court finds that pre-trial detention is warranted. Nelson argues that he is not a danger to the public and has no history of serious probation

violations. However, Nelson does have probation violations that resulted in being sentenced to additional jail time and Nelson's behavior indicates that he is a danger to the community. Not only was Nelson involved in the shooting at his wife's apartment, but he showed up at Circus Circus, was described as acting erratically, and began shouting at the employees about money. He lunged at a security officer as if to start a fight. In his car during this altercation was an assault-style weapon with a high-capacity magazine. Any person acting erratically and aggressively in a public place with an assault-style weapon and high capacity magazine is a danger to the community.

Nelson argues that this incident was a one-time, out-of-character infraction and should not result in his pre-trial detention, but the Court disagrees. This is dangerous and troublesome behavior that could be repeated. It occurred approximately 16 hours after Nelson's wife left with the children and 12 shots were fired inside an apartment building. Nelson had plenty of time to put the gun away and calm down. Instead, Nelson has shown that when he is drunk or irrational, he feels comfortable reaching for his gun. Such behavior is evidence that he is a risk to the community and pre-trial detention is warranted.

### IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for De Novo Review and Appeal of the Denial to Reopen Detention (ECF #29) is **DENIED**.

Dated this 8th day of October, 2021.

Kent J. Dawson
United States District Judge